On Rehearing Denied

PER CURIAM.
By motion for rehearing, plaintiff again urges that the jury instructions in the case were clear, and that the jury was not misled. We adhere to our previously expressed view that the jury instructions, as given, were confusing and misleading.
Immediately after the jury instruction quoted in the dissent, the court instructed the jury over objection:
The next issue for your determination is whether Alex Acosta, president of Truck Brokerage By National, made an oral rejection of uninsured motorist coverage before the inception of the policy of insurance which was in force on May 10, 1994, the date of the accident, and if so, whether such oral rejection is in compliance with the requirements of Florida Statute *317 627.727, thereby precluding uninsured motorist coverage to the plaintiff, Juan Cabrera.
(Emphasis added). The court then quoted section 627.727, Florida Statutes, at length, including:
However, the coverage required under this section is not applicable when, or to the extent that an insured named in the policy makes a written rejection of the coverage on behalf of all the insureds under the policy.
(Emphasis added); see § 627.727(1), Fla. Stat. The net effect was a confusing set of instructions which told the jury that an oral rejection would be permissible only if in compliance with section 627.727 — the text of which required a written rejection, not an oral rejection. We have carefully considered plaintiffs arguments that the jury instructions were clear, but we are not persuaded thereby.
Rehearing is denied.
COPE and SORONDO, JJ., concur.
JORGENSON, J., dissents.